UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DILLON SCOTT RAFSKY,

   Petitioner,

v.                                                                            Case No. 5:22cv307-TKW-HTC

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,

   Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Dillon Scott Rafsky, proceeding *pro se* and *in forma pauperis*, has filed a petition for habeas relief under 28 U.S.C. § 2254, seeking to vacate his conviction from the Fourteenth Judicial Circuit, Washington County, in case number 2014 CF 138. ECF Doc. 1. In response to the petition, the Secretary filed a motion to dismiss the petition as untimely. ECF Doc. 9. Despite being given an opportunity and an extension of time to file a reply, Petitioner has not done so. Upon consideration, the undersigned agrees the petition is untimely and recommends the motion to dismiss be GRANTED and the petition be DISMISSED WITH PREJUDICE without an evidentiary hearing.

I.     BACKGROUND

On May 2, 2014, Rafsky was charged by Information with first-degree murder.[1]  ECF Doc. 9-1.  On June 16, 2014, he was re-charged by Indictment with three counts: (Count I) First Degree Murder; (Count II) Burglary of a Structure with a Firearm; and (Count III) and Robbery with a Firearm, ECF Doc. 9-2, and on June 26, 2014, the State filed notice of its intent to seek the death penalty.  ECF Doc. 9-3.

On March 31, 2015, defense counsel moved for an examination of Rafsky's competency to proceed, ECF Doc. 9-4, and, after two experts examined Rafsky, the court found Rafsky incompetent to proceed on May 8, 2015, and committed him to the mental health unit at Florida State Hospital.  ECF Doc. 9-8.  On November 2, 2015, mental health experts from Florida State Hospital examined Rafsky and reported to the attorneys and the court that Rafsky had regained competency to proceed.  ECF Doc. 9-13 at 10 (filed on the docket on November 30, 2015).  On November 25, 2015, defense counsel moved for an examination of Rafsky's competency, ECF Doc. 9-11, and the court appointed an expert the same day.  ECF Doc. 9-12.  On December 3, 2015, the expert issued a report stating that he had examined Rafsky and determined he was competent to proceed.  ECF Doc. 9-15 (the report was filed on December 17, 2015).

---

[1] The facts of the offense can be found in the plea colloquy, ECF Doc. 9-19 at 12-14, and arrest report, ECF Doc. 9-22.

On March 14, 2016, a hearing was held and, after reviewing the expert reports as well as confirming with defense counsel that she had no reason to question Rafsky's competency, the court found Rafsky competent to proceed to trial.[2] ECF Doc. 9-16 at 5-6. On March 17, 2016, the court issued an order declaring Rafsky competent to proceed. ECF Doc. 9-17.

On February 13, 2017, almost a year later, Rafsky signed a Plea, Waiver and Consent agreement and pled no contest to all three counts in return for a sentence of life imprisonment rather than facing the death penalty. ECF Doc. 9-18 & 9-19. The court sentenced Petitioner to life imprisonment on Count I and 100 years each on Counts II and III, with all the counts running consecutively. *Id.* at 17-18.

Four days later, Rafsky filed a Motion to Withdraw His Plea to No Contest. ECF Doc. 9-21. Rafsky argued he did not have a complete understanding of Florida law, did not understand he was giving up the right to a fair trial, was rushed by his attorney into accepting the plea "before he was forced to accept the death sentence", was rushed by his attorney to plead before the attorney sought different employment and the case would go back to "square one" with new counsel and, therefore, was

---

[2] Counsel explained "he was competent before and then deteriorated in the jail. . . . [T]hats when we sent him to Florida State Hospital." He continued, "I've met with my client several times since [he was released from Florida State Hospital] and I have not noticed any or have not had any indication that he's wavered any from his status at that time." Counsel promised the court, "I will come to the Court if I notice anything that looks like he may be deteriorating . . . . But at this time, he seems to be, appear[s] to me to be competent and good to go." ECF Doc. 9-16 at 4-5.

Case No. 5:22cv307-TKW-HTC

misinformed and "tricked" into pleading no contest and giving up his right to a jury trial. *Id.*

On February 27, 2017, the court denied the motion to withdraw plea. ECF Doc. 9-22. The court found the motion contained only conclusory statements, without any additional facts in support, that Rafsky failed to allege any adversarial relationship with counsel to warrant an evidentiary hearing, and that the court inquired of Rafsky during the plea and sentencing whether he understood that it was his decision to accept the plea and that no one coerced him into entering the plea. *Id.* at 2.

On April 5, 2017, Rafsky mailed the clerk of the court a letter asking about the status of his motion to withdraw plea (which had already been denied by that point). Rafsky did not file any appeal, motion for belated appeal, or application for postconviction relief until January 14, 2019.[3]

On January 14, 2019, Rafsky sent the Washington County court a document captioned for the First District Court of Appeal ("First DCA") and entitled "Petition for Writ of Habeas Corpus" but which revealed, in the opening paragraph, that he

---

[3] Based on the state court docket, Rafsky filed two *pro se* requests for documents to which the clerk of court responded. ECF Doc. 9-23 (*see* Docs. ## 198-201 on the state docket). Neither qualify as a motion for post-conviction relief. *Defoe v. Wise*, 2023 WL 2416394, at *8 (N.D. Ala. Feb. 7, 2023), *report and recommendation adopted*, 2023 WL 2411014 (N.D. Ala. Mar. 8, 2023) (citing *Brown v. Sec'y Dep't of Corr.*, 530 F.3d 1335, 1337-38 (11th Cir. 2008) (concluding petitioner's state-court motion for DNA testing did not toll the AEDPA statute of limitations as it involved "an application for discovery only, pursuant to which the court lacks authority to order relief from the movant's sentence or conviction").

Case No. 5:22cv307-TKW-HTC

was really seeking a belated appeal of the February 27, 2017, order denying his motion to withdraw his plea. ECF Doc. 9-25. On January 24, 2019, the Washington County clerk returned the document to Rafsky noting that it was intended for the First DCA and telling him that if he wished to file the document in Washington County, he would need to recaption it. ECF Doc. 9-26.

Petitioner refiled the document on February 5, 2019, captioned for Washington County, and continued to entitle it a "Petition for Writ of Habeas Corpus" despite asking for a "notice of belated appeal." ECF Doc. 9-27. On March 12, 2019, the Washington County circuit court dismissed the petition (which had opened a civil case, 2019 CA 22), holding that "Petitioner has filed the petition with the wrong court and the certificate of service does not indicate whether he filed it with the First DCA, the appellate court which has jurisdiction over this type of proceeding." ECF Doc. 9-28. Rafsky did not appeal this dismissal to the First DCA.

Also, on January 14, 2019, Rafsky filed, a motion under Rule 3.850 to vacate his plea. ECF Doc. 9-30. In the second amended motion, Rafsky argued counsel was ineffective for failing to move for a competency determination prior to him tendering his plea. ECF Doc. 9-34 at 20. The state court denied the second amended motion on August 21, 2019, *id.* at 19, finding that nothing in the motion showed that counsel could have justified the need for a competency examination. Specifically, the court noted that counsel advised the court during the plea hearing that Rafsky had been examined two weeks earlier by Dr. Harper at counsel's request, and Dr.

Harper "advised counsel that he was competent to proceed." *Id.* at 21 n.1 (order denying 3.850 motion) & ECF Doc. 9-19 at 12 (transcript of plea hearing where Dr. Harper's opinion is discussed).

On September 11, 2014, Rafsky filed a motion for enlargement of time to file an appeal of the denial of his 3.850 motion, ECF Doc. 9-34 at 120, which the circuit court denied on September 16, 2019. *Id.* at 125. Rafsky then filed a notice of appeal on October 1, 2019 (which was therefore ten days late). *Id.* at 126. The First DCA ordered Rafsky to show cause why the appeal should not be dismissed as untimely. ECF Doc. 9-35; 1D19-3642. After Rafsky responded, the First DCA concluded that its jurisdiction was timely invoked and allowed the appeal of the denial of the amended 3.850 motion to proceed. *See* online docket sheet for *Rafsky v. Florida*, 1D19-3642.[4] On May 22, 2020, The First DCA affirmed, *per curiam* and without written explanation, ECF Doc. 9-42. The mandate was issued on June 19, 2020.

Under the mailbox rule, Rafsky filed the instant petition on December 9, 2022, raising one ground for relief – that defense counsel was ineffective for failing to move for a competency evaluation prior to Rafsky pleading no contest to the charges. ECF Doc. 1 at 9. For the reasons discussed below, the petition is untimely by more than four (4) years.[5]

---

[4] Docket available at https://acis.flcourts.gov
[5] Unlike a substantive competency claim, a claim based on counsel's failure to raise a competency argument is procedural and can be defaulted. *Johnston v. Singletary*, 162 F.3d 630, 634–35 (11th

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act Of 1996 ("AEDPA"), a § 2254 petition must be filed within one-year of certain trigger dates. For purposes of Petitioner's case, the applicable trigger date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[6] However, the one-year time period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

As stated above, Rafsky was convicted on February 13, 2017, and the court denied Rafsky's motion to withdraw the plea on February 27, 2017. Rafsky failed to appeal, so the conviction became final thirty (30) days later, on March 29, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Fla. R. App. P. 9.140(b)(3) ("The defendant shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal the conviction or sentence, judgment

---

Cir. 1998) ("Johnston's claim of ineffective assistance of counsel for failure to raise competency immediately before and during the course of the trial is procedurally barred.").

[6] Although there are other "trigger" dates under the AEDPA, none of those apply here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

Case No. 5:22cv307-TKW-HTC

becomes final when the 30-day period for filing a direct appeal expires). Thus, the one-year AEDPA time limit ran the next day and expired on March 30, 2018.

Although Rafsky filed a motion for belated appeal and a 3.850 post-conviction motion on January 14, 2019, neither of those motions tolled the AEDPA statute of limitations because, by then, the statute had expired and, thus, there was no time left to toll. *See, e.g.*, *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001); *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."). Moreover, the motion for belated appeal never made it to the First DCA and was denied by the lower court as procedurally deficient. *See Danny v. Sec'y, Fla. Dep't of Cor.*, 811 F.3d 1301, 1304 (11th Cir. 2016) petition for belated appeal which is denied does not qualify for statutory tolling under the AEDPA); *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1142 (11th Cir. 2015) (same).

### III.   CONCLUSION

For the above reasons, the petition is untimely and the Respondent's motion to dismiss should be GRANTED.

#### A.   Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v.*

*Landrigan*, 550 U.S. 465, 474 (2007). Upon consideration, the undersigned finds the claims in this case can be resolved without an evidentiary hearing because the petition is untimely. *See Schriro*, 550 U.S. at 474.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the Motion to Dismiss, ECF Doc. 9, be GRANTED.

2. That the Petition, ECF Doc. 1, be DISMISSED WITH PREJUDICE as untimely.

3. That a Certificate of Appealability be DENIED.

4. That the clerk be directed to close the file.

At Pensacola, Florida, this 1st day of August, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 5:22cv307-TKW-HTC